## JESSE CANNON

### v.

## THE LOUISVILLE, EVANSVILLE AND ST. LOUIS CONSOLIDATED RAILROAD COMPANY.

*Railroads—Negligence—Fences and Cattleguards—Damage to Crops—Pleading.*

1. A declaration seeking to charge a railroad company with negligence in not maintaining a fence along its road, and cattleguards at road crossings, is fatally defective if it does not allege that defendant's line, or some part of it, was open for use the six months preceding.

2. A railroad company is not liable in damages under Sec. 48. Chap. 114, Coth. Stat., 1883, for destruction of crops by animals on land adjoining its right of way, due to its failure to maintain proper fences and cattle-guards. The act applies only to damage done on its right of way.

3. The fence and inclosure act, requiring the erection and maintenance of a fence by adjoining land owners, does not apply to railroad companies.

[Opinion filed June 13, 1890.]

APPEAL from the Circuit Court of Wayne County; the Hon. CARROLL C. BOGGS, Judge, presiding.

This suit in case was brought by appellant to recover damages for the alleged destruction of a crop of oats; a general demurrer to an amended declaration of two counts was interposed by defendant and sustained by the court. The plaintiff elected to stand by the declaration; the court thereupon entered judgment against him for costs, and he took this appeal. The first count charges that defendant failed to build and maintain a suitable and sufficient cattleguard and fence at a public highway crossing, to prevent hogs and other stock from passing from said highway to defendant's track and right of way, and onto plaintiff's land where the oats were sown, by means whereof and for want of such cattleguard and fence, it is averred, certain hogs strayed from said highway into and upon the track and right of way of defendant, and from said track and right of way to the oats belonging to plaintiff and totally destroyed the same. In the second count plaintiff avers that he and defendant had the use of a certain tract of land which is described. That defendant had the use and control of a strip through said tract one hundred feet wide, running from the east to the west side thereof, used and owned by defendant as a right of way or easement, on which the track of defendant passes. That adjacent to said right of way is the land used and controlled by plaintiff, and used by him for the purpose of growing a certain crop of oats. That said tract of land was in one field and surrounded by one fence, all owned and maintained by plaintiff except that portion which ran across the east and west end of said strip

642    Appellate Courts of Illinois.

Vol. 34.]    Cannon v. L., E. & St. L. Cons. R. R. Co.

belonging to defendant, to wit, a portion of said fence one hundred feet in length across said east end and a portion of said fence of like length across said west end of said strip of land, which fence was owned and maintained by defendant. That defendant, not regarding its duty in such case, without giving the plaintiff any kind of notice, and after plaintiff had sown his portion of said land in said field in oats, and while said oats were growing and before said oats were matured and harvested, allowed the portion of the fence above described as belonging to it, to be removed and taken away, and did not, after said oats were sown and before they were matured, maintain and keep up a suitable and sufficient fence to prevent hogs and other stock from passing, from a public highway which passes on the east side of said tract of land above described, to the land owned and controlled by plaintiff. And defendant, wilfully and negligently disregarding its duty in this behalf, removed said fence at the time above mentioned, and failed to maintain and keep a fence at the time mentioned. By means whereof, and for want of said fence, certain hogs strayed from said public highway to the land of plaintiff above described, and destroyed the oats of plaintiff, then of the value of $125, etc.

Messrs. E. Beecher and Kramer & Bunch, for appellant.

Messrs. Creighton & Cooper, for appellee.

Green, J. The first count of the declaration is fatally defective for the reason it is not averred therein that defendant's line or any part of it had been open for use for the six months preceding the time of the alleged entry of said hogs upon plaintiff's land. No duty is imposed upon a railroad company by the statute to erect and maintain fences on the sides of its road, or to construct and maintain cattleguards at road crossings until its line, or some part of it, has been open for use for six months, and no liability is incurred by such corporation for a failure to erect and maintain such fences or cattleguards during that period. Sec. 48, Chap. 114, Cothran's Stat., 1883, p. 1151.

But even had this averment been made the count would have been obnoxious to a general demurrer, because plaintiff could not maintain a suit to recover damages for the destruction of his crop, occasioned by the failure and neglect on the part of defendant to erect and maintain suitable and sufficient fences and cattleguards as required by the statute. Liability to respond in damages for injury to, or destruction of crops is not the penalty imposed for the failure to perform such statutory duty.

In the second count the charge is that defendant disregarded its duty by removing its fence, without notice, from its right of way, and failing to keep up and maintain a suitable and sufficient fence; and by means of such disregard of duty, and for want of said fence, certain hogs strayed from the public highway to the land of plaintiff and destroyed his oats. This count, legally construed, is based entirely upon defendant's *disregard of a duty*, and that necessarily is statutory, because at common law such a duty is not imposed upon defendant. If the pleader intended to charge an omission of duty to erect and *maintain* fences, as required by Sec. 48, *supra*, the count would be defective, for the same reason that the first count is held bad. If it is intended by the averments in said second count to charge defendant with liability for the damages claimed, because it removed the fence without notice, in violation of the provisions of the fence and inclosure act, the objection is, that act does not apply to railroad companies. Those corporations can not avail themselves of its provisions and compel adjoining land owners to erect and maintain or pay for the erection and maintenance of one-half the fence along division lines, but are required to erect and maintain all the fence along both sides of their roads. Being deprived of the benefits and advantages furnished by the act, it would be manifestly unjust to hold such corporations liable to respond in damages for a violation of one of its provisions. It is not to this act, but to Sec. 48, *supra*, we must refer, to learn what the Legislature has prescribed as the duty of railroad companies with respect to fencing their lines, and what liability they incur for not performing such duty.

644    APPELLATE COURTS OF ILLINOIS.

VOL. 34.]    Cannon v. L., E. & St. L. Cons. R. R. Co.

The act is entitled "An act in relation to fencing and operating railroads." It prescribes the duty to erect and maintain fences and cattleguards, and for a failure to perform this duty the corporation is made liable for "*damage which may be done*" by its agents, engines or cars "*to cattle, horses, sheep, hogs or other stock thereon.*" Such is the duty and such the only liability for failing to perform it, which by law is imposed upon and assumed by corporations operating railroads in this State. Damages for injury to crops in adjoining lands, occasioned by the omission to perform such duty, are not included. As is said in the opinion in P., D. & E. Ry. Co. v. Schiller, 12 Ill. App. 443, a case in which the grounds relied on for recovery are almost identical with those set up in this case, "Here is a special requirement of the statute, the plain object of which is to prevent stock from getting on the road, and for a failure to comply with it, a special liability is provided in respect to one particular thing, viz., the damages which may be done to such stock so getting on the road." A similar statute was given a like construction in the case of Clark v. H. & St. Jo. R. R. Co., 36 Mo. 215. In the opinion it is said : "It is not to be inferred that the company incurs any liability to such land owners by reason of failing to make and maintain such fences, except for damages done to stock coming on the track." Appellant seeks to avoid the application of the case in 12 Ill. App. *supra*, to the case at bar, by now asserting that he does not claim appellee is liable under the statutes but that it is liable at common law. It is a sufficient reply to say, the cause of action and the damages, claimed are fixed by plaintiff's amended declaration, and we have given our construction of that pleading. It follows from the views above expressed that we hold the court below properly sustained the demurrers to said declaration and its judgment is affirmed.

*Judgment affirmed.*