## OHIO AND MISSISSIPPI RAILWAY COMPANY
### v.
## JOHN ERWIN.

*Railroad Companies—Negligence of—Death of Stock—Failure to Fence Track—Construction of Statute, Whether Penal—Waiver of Assignment of Error—Must be upon Record.*

1. The statute of this State in regard to fencing railroad tracks and which imposes liability on companies not complying with it for the death of stock passing upon its tracks, is not penal, and the action given to the owner of stock so killed is not barred in two years.

2. An assignment of error which appears in the record, can not be waived by a mere suggestion in the argument, but must be waived in the record, otherwise the assignment of error, if valid, must be sustained by the court.

[Opinion filed September 9, 1892.]

APPEAL from the Circuit Court of Clay County; the Hon. E. D. YOUNGBLOOD, Judge, presiding.

Messrs. POLLARD & WERNER, for appellant.

Messrs. BARNES & ROSE, for appellee.

MR. JUSTICE PHILLIPS.    Appellee, as plaintiff, brought his action on the case against appellant, alleging the killing of his cow by defendant's train at a point on its road where it was its duty to erect and maintain fences.   The declaration is in proper form, and to it the defendant pleaded the general issue and the statute of limitations of two years.   To the plea of statute of limitations a demurrer was interposed and sustained by the court, and the defendant elected to stand by its plea, and as to that plea judgment was entered on the demurrer in favor of plaintiff.   A jury was waived and trial had before the court, and the only evidence offered was as to the value of the cow and as to what was a reasonable attorney's fee, and without other evidence the court found the issue for the plaintiff and assessed his damage at $35.   A motion for a new trial being overruled and judgment entered the defendant appeals.

On the evidence in this record, the plea of general issue being on file, it does not appear that the road was not fenced, nor does it appear that the cow went upon the right of way and track at a point where it was the defendant's duty to erect and maintain a fence.   We are compelled to reverse the judgment as there was not sufficient evidence to sustain the verdict.   The appellant relies upon the error assigned in sustaining the demurrer to the plea of the statute of limitations and urges that the act in relation to fencing and operating railroads, so far as it fixes a liability for stock injured, is a penal statute, and that an action would be barred by the statute of limitations of two years.   The act in relation to fencing railroads imposes on all railroads the duty of erecting and maintaining fences along the line of its road, except at certain places, after the road has been in

operation a certain time. For a neglect to perform this duty the railroad company is made liable for all stock getting upon the track and killed by its locomotive or cars, where getting on the track and killed at places where the duty to erect and maintain fences existed. The intent of the legislature to impose that duty is not an open question in this State. The failure to erect and maintain fences along the line of its road where the law imposes that duty is negligence. No penalty exists for a failure to perform this duty. No recovery can be had for such neglect either in the name of the people of the State of Illinois or other municipality, nor in the name of any individual. The duty is imposed in the interest of individuals whose stock is liable to be killed, and for the greater safety of passengers carried on the cars of such road. For a neglect to comply with this statutory duty, the statute by its terms creates a liability for all stock killed by reason of the absence of a fence at a point where the duty to erect and maintain it exists. If the statute was silent in reference to liability in such case, the liability for negligence would still exist where it was shown that the killing resulted from a neglect to perform a statutory duty. It is similar to the case of liability of a railroad company for negligence in killing stock when running at a rate of speed inhibited by a municipal ordinance, where such negligent disregard of the ordinance is the cause of the injury. And, if in consequence of the negligence of a railroad company to fence its road where the duty is imposed by law, animals should go on the track and derail a train and cause an injury to a passenger thereon, the company would be liable. In all these cases the liability of the company is because of negligence in the discharge of a duty imposed by law; in neither is there a penalty.

The right of recovery in this case depends upon the question as to whether the railroad company has been guilty of negligence, and the plaintiff has sustained injury by reason thereof. The statute imposing the duty of fencing the track does not declare a penalty.

To this declaration alleging negligence in erecting and

maintaining a fence where the duty to do so was imposed by statute and a consequent injury to plaintiff, the plea of the two years statute of limitations is not a defense. The demurrer was properly sustained to that plea. The evidence, however, not sustaining the verdict, that question is, by a suggestion in the argument, sought to be waived by appellant. Appellant assigns as error, the evidence does not sustain the verdict, that assignment being one of the issues made in this court on the record.

The waiver would have to be made on the record, as we can only look to and are bound by the record. With the assignment of error so made and no waiver on the record, we must consider the assignment, and for the error indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*