THE OHIO & MISSISSIPPI RAILWAY COMPANY

v.

CHARLES W. McGEHEE.

*Railroads—Removal of Farm Crossing—Sec. 1, Chap. 114, Starr & C. Ill. Stats.—Farm Crossings—Damages.*

1.  Every statute imposing a duty upon one person for the benefit of another implies the existence both of a liability and a remedy, though

none is specifically provided, where an injury results from the failure to perform such duty.

2.  Where, after a farm crossing has been put in, it is removed and not replaced by the company, so that a landed proprietor can not cross the railroad track at any place reasonably convenient to his property, an action at common law, based upon the statutory duty of the company, will lie for damages sustained thereby, and the burden is on the plaintiff, in such case, to show what amount of damages was caused by such act.

3.  In case of the removal of such crossing, crops in fields usually approached thereby should be cared for and harvested and the damages should be limited to the additional expense occasioned by such removal.

[Opinion filed March 11, 1893.]

APPEAL from the Circuit Court of Gallatin County; the Hon. S. Z. LANDIS, Judge, presiding.

Messrs. CARL ROEDEL and POLLARD & WERNER, for appellant.

Messrs. PILLOW & MILLSPAUGH, for appellee.

MR. JUSTICE SAMPLE. The appellee brought this suit to recover damages arising, as alleged, from the taking up and removing his farm crossing by appellant. The second count, upon which appellee relies, avers that he was in possession of and cultivating in corn a certain tract of land, and had matured a large crop; that appellant owned and operated a railroad that passed through said farm, and it became and was its duty to construct and maintain a farm crossing so he might pass over the same and thereby reach different parts of his land; that appellant had constructed such crossing, but its servants, in the line of their employment, tore up and destroyed the same and refused to rebuild; that the crossing was destroyed without notice to appellee and was not discovered by him until it was too late to give the statutory notice and have the same rebuilt before said corn in the field was destroyed; that said crossing was necessary to the enjoyment and use of said land, and the securing of the crops. On trial before a jury a verdict was returned in

favor of appellee in the sum of seventy dollars, which was sustained by the court.

The errors assigned relate to the sufficiency of the evidence to sustain the verdict, and the instructions given and refused.

The errors assigned as to the instructions, go to the foundation of the action, the contention of appellant being that an action will not lie against a railroad company to recover such damages; that the statute declares the kind of injury for which damage may be recovered, which is exclusive of any other, and that in this case the only remedy is to require the company to build the crossing; or, on failure, for the land owner to build, and recover the statutory damages. Sec. 1, Chap. 114, Par. 62, Ill. Stats., provides : · " That every railroad corporation shall erect and thereafter maintain fences * * * suitable and sufficient to prevent cattle * ,* * or other stock from getting on such railroad * * * with gates or bars at the farm crossings of such railroad, which farm crossings shall be constructed by such corporation when and where the same may become necessary for the use of the proprietors of the lands adjoining such railroad; and shall also construct * * * and thereafter maintain at all road crossings now existing or hereafter established, cattle guards * * * sufficient to prevent cattle * * * and other stock from getting on such railroad; and when such fences or cattle guards are not made as aforesaid, or when such fences or cattle guards are not kept in good repair, such railroad corporations shall be liable for all damage which may be done by the agents, engines or cars of such corporation to such cattle * * * or other stock thereon, and reasonable attorney's fees." It will be observed,- first, that this section only declares a liability for failure to construct or maintain fences or cattle guards; second, that such liability for such failure is limited to damages done by the agents, engines or cars of such corporation to cattle or other stock getting on such railroad; third, that the farm crossings are required " for the use of the proprietors of the land adjoining such railroad;" fourth, that no liability is

declared by this section for a failure to construct or maintain such farm crossing—it merely imposes the duty.

In this view, the case is very different from that of P. D. & E. Ry. Co. v. Schiller, 12 Ill. App. 443, relied on by appellant, where the injury was to crops, occasioned by hogs getting through insufficient cattle guards and fences into the plaintiff's field. In such a case the statute declares a liability, and the kind of injury from which such liability arises. The court held that in such a case the statute prescribed a special duty and enforced its performance by a special liability which in that case, under the averments of the declaration, was exclusive.

In the case under consideration, the statute, as heretofore suggested, does not enforce the special duty by providing any special or other liability for damages done. But the rule is fundamental that every statute imposing a duty on one person for the benefit of another, implies the existence both of a liability and a remedy, though none is specifically provided, where an injury results from the failure to perform such duty. In Sedgwick on Statutory and Constitutional Law, p. 92, it is said: " And the general rule that in every case where a statute enacts or prohibits a thing for the benefit of a person he shall have a remedy upon the same statute for the thing enacted for his advantage or for the recompense of a wrong done to him contrary to the law in question, is declared by the text writers of our jurisprudence. If a new right is created by statute and no remedy prescribed for the party aggrieved by the violation of such right, the court, upon the principle of a liberal and comprehensive interpretation of the statute, will presume that it was the intention of the legislature to give the party aggrieved a remedy by a common law action for the violation of his statutory right, and he will be permitted to recover in an appropriate action founded upon the statute." Citing several authorities in support of the text.

The provision of the statute by which the railroad company may be compelled to construct such farm crossing, or pay another for doing so, does not afford a remedy for a

wrong done, nor provide for recompensing the party ag-
grieved for the damages sustained. It merely provides a
method for enforcing a statutory duty, regardless of the
question as to whether or not damages have been sus-
tained. If that was all the remedy, a portion of the cross-
ing sufficient to make it impassable might be removed
frequently, in which case the proprietor of the land would be
limited in his right of redress, merely to give the ten days
notice after each removal to repair the same. Doubtless, it
is true, primarily, that until the proprietor has given notice
where he wants the crossing located, or it is determined
where it is "reasonably convenient," as the word "neces-
sary" is interpreted to mean in the case of Chalcraft v.
L. E. & St. L. R. R. Co., 113 Ill. 86, no consequential dam-
ages could be said to arise. But after the crossing is actu-
ually put in *and thereafter removed by the company* and not
replaced, so that the proprietor can not cross the railroad at
any place reasonably convenient, then it is thought an
action at common law, based upon the statutory duty, will
lie for damages sustained thereby. If our view of the law
is the correct one, the court did not err in refusing to give
to the jury the defendant's second and third instructions.

The second of plaintiff's instructions is erroneous in this,
that it raises the question of mitigation of damages, which
is not considered involved in the case. The only question
in the case as to damages was what was the amount sus-
tained by reason of the defendant's alleged wrongful act.
The burden was on the plaintiff to show what amount of
damages was caused by such act. He could not sit down
and let his corn rot in the field merely because the most
convenient way of access to it had been removed by defend-
ant. It was his duty—affirmative duty—to proceed in the
most practicable way remaining to gather his corn. The re-
moval of the crossing did not cause the injury, except in so
far as it made the removal of the corn to the south side
more inconvenient and expensive. The act of removal of
the crossing was not malicious, and the injury occasioned
by the rain setting in earlier than usual, or falling in un-

usual abundance, was not the natural result of the miscon-
duct which could reasonably have been foreseen or expected.
Phillips v. Dickerson, 85 Ill. 11.

The plaintiff testified that as much as thirty days inter-
vened between the discovery that the crossing was gone and
the setting in of the wet weather, during which time he was
working in another field. Under the evidence in this rec-
ord, the damages should have been limited to the additional
expense occasioned by the removal of the crossing, which,
as shown by the evidence, was three cents per bushel on
650 bushels of corn, or $19.50.

For the errors indicated the judgment will be reversed
and the cause remanded.

*Reversed and remanded.*