# CHICAGO, MADISON & NORTHERN RAILROAD COMPANY

### V.

## HERMAN EICHMAN.

*Railroads—Negligence of—Embankment—Flowage of Farm Lands—Culverts — Insufficient Capacity of — Evidence—Instructions — Farm Crossings—Sec. 62-5-6, Starr, etc., Ill. Stats.—Trespass.*

1. An instruction containing an assumption of a fact in dispute is bad.

2. The obligation resting upon railroad corporations to construct farm crossings, when and where the same may become necessary for the use of proprietors of adjoining lands are purely statutory; where a new right is given by statute and the relief for its violation specified, the remedy must be enforced in the mode pointed out by the statute.

3. A lessor railroad company is not liable for trespasses committed by the servants—over whom it has no control—of the lessee company, committed in connection with repairing the right of way; nor for damages arising from culverts getting out of repair after the road was turned over to the lessee company.

4. In an action brought to recover from a lessor railroad company, for damage to farm lands alleged to have been occasioned through insufficiency of culverts in its right of way, this court holds, in view of the

evidence, and the fact that the damages allowed for the plaintiff were grossly excessive, that the judgment in his favor can not stand; and further, that the true rule of damages in this case was compensation for the loss of the crop for 1890, the rental value of the land until restored to fertility, and the labor and expense necessary to restore it.

5. Evidence as to condition and behavior of culverts since date of lease is admissible in such case.

[Opinion filed May 25, 1893.]

In error to the Circuit Court of Stephenson County; the Hon. James Shaw, Judge, presiding.

Messrs. James I. Neff and J. H. Stearns, for plaintiff in error.

Messrs. Garver & Fisher, for defendant in error.

Mr. Justice Harker. In 1887 the Chicago, Madison & Northern Railroad procured a right of way and constructed its road across a quarter section of land belonging to the plaintiff below, Herman Eichman. In the western part of the tract was a dry ravine, draining quite an area of land. Across this ravine the company built its road-bed, with an embankment, putting in three rows of eighteen-inch tile at the bottom to afford an outlet for surface water from the area drained. In March, 1888, it leased its rolling stock and railroad to the Illinois Central Railroad Company for the term of its chartered existence, which latter-named company has since then operated the road under its lease. In June, 1890, during a heavy rain storm, a pond of water accumulated in the ravine above the embankment and flooded three or four acres of Eichman's land. For the damage thereby occasioned he brought suit in case against plaintiff in error and recovered judgment for $300.

In the declaration were nine counts. The first and second charged the construction of the road bed across the ravine without constructing the necessary culverts and sluices required by the natural lay of the land for drainage. The third, fourth and fifth charged failure of the company to give plaintiff's farm necessary farm crossings. The sixth,

seventh, eighth and ninth charged trespass in entering upon plaintiff's close and piling up dirt there while putting in a new culvert after the overflow mentioned. The court sustained a demurrer to the third, fourth and fifth counts and upon the trial excluded all evidence applicable to the sixth, seventh, eighth and ninth counts. Consequently the case was tried by the jury upon the first and second counts.

Counsel for plaintiff in error contend that there can be no recovery under the pleadings, because the declaration counts for damages for non-construction of culverts in the railroad embankment, when it is undisputed that at the time of the original construction three eighteen-inch culverts were put in.

We do not think that either one of the counts will bear the construction placed upon them by counsel. They each charge in substance that the culverts were of insufficient capacity to take care of the surface water.

It is also contended that plaintiff in error is not liable for any damages done by the overflow, because it was not due to any defect in the original construction of the road. Counsel insists that it appears from the evidence that the culverts as originally put in were ample to carry off all the drainage from the watershed in question. Upon this point there was a difference of opinion with the witnesses introduced. We think the evidence was sufficient to authorize a recovery on account of insufficient capacity of the culverts.

This company of course would not be liable in this suit for any damage occasioned by the culverts getting out of repair after the road was turned over to the Illinois Central Railroad Company. But it was entirely proper for the court to admit testimony showing the condition of the culverts and how they had behaved in rain storms since the date of the lease. There was no better way of showing their capacity.

The damages allowed by the jury, however, were grossly excessive.

Of the ground flooded, one-half acre was in potatoes, just coming up, one acre in corn, about two inches high, and

about two acres in grass.   There was a total loss of the crop for that year.   The water remained but a short time and the land was not permanently injured.   A new culvert with ample capacity was constructed the following February, and the only damage allowable was the loss of the crop for 1890, the rental value of the land until restored to fertility, and the labor and expense necessary to restore it.   It clearly appears that the estimate of damages by plaintiff's witnesses was fanciful and speculative.   The land was not worth over $65 or $70 per acre, as admitted by a witness on cross-examination, who in his examination in chief placed the damage done the plaintiff at $600.   The damages allowed by the jury largely exceeded the value of the entire land flooded.

In the third instruction given for the plaintiff the court told the jury " that the defendant had no right in the construction of its railroad bed to so construct the same as to obstruct the natural flow of surface water so as to overflow any part of the premises of another.   This was an assumption of a fact in dispute and made the instruction bad.

For the error in giving this instruction and because the damages are excessive the judgment will be reversed and the cause remanded for another trial.

The defendant in error has assigned as cross-errors the action of the Circuit Court in sustaining a demurrer to the third, fourth and fifth counts of his declaration and in excluding all the testimony introduced under the sixth, seventh, eighth and ninth counts.

The court properly sustained the demurrer to the three counts mentioned, which sought a recovery for failure on the part of the company to erect necessary farm crossings. The obligation resting upon railroad corporations to construct farm crossings when and where the same may become necessary for the use of proprietors of adjoining lands are purely statutory.   If the company neglects or refuses to build such crossings the statute points out the mode of redress afforded to the owner of the land.   2 Starr & C. Ill. Stats., Chap. 114, Secs. 62, 65, 68.   He can give notice to construct the crossing, and if the company then fails, con-

struct it himself, and recover as damages double the cost and expense of the same. Where a new right is given by statute and the relief for its violation specified, the remedy must be énforced in the mode pointed out by the statute.

It was not error to exclude the evidence introduced under the counts for trespass, *quare clausum*. The alleged trespasses were committed in 1891, nearly three years after the Illinois Central Railroad Company went into possession under its lease. Plaintiff in error had no connection with or authority over the men who did the work of putting in the new culvert, and if in doing so trespasses were committed they can not be regarded as having been committed within the exercise of any of its franchise. Appellant was not liable.

*Reversed and remanded.*