## Baltimore & Ohio Southwestern R. R. Co. v. Henry J. Campbell.

1. RAILROADS—*Right of Recovery Under Sec. 65, Ch. 114, R. S., for Refusal to Construct Farm Crossing.*—An abutting land owner can not recover under Sections 65 and 66, Chapter 114, R. S., where a railroad has removed a farm crossing and has not provided another reasonably convenient, where notice to construct has not been given, and the crossing has not been constructed by the owner.

2. STATUTES—*Remedy Given Must be Enforced in the Mode Pointed Out.*—Where a right is given by statute and the relief for its violation specified, the remedy must be enforced in the mode pointed out by the statute.

Trespass on the Case.—Appeal from the Circuit Court of Cass County; the Hon. THOMAS N. MEHAN, Judge presiding. Heard in this court at the May term, 1903. Reversed and remanded. Opinion filed November 1, 1902. Rehearing denied.

HENRY PHILLIPS and KRAMER, CREIGHTON & SHAEFFER, attorneys for appellant; EDWARD BARTON, of counsel.

MILLS & McCLURE, attorneys for appellee.

MR. JUSTICE HARKER delivered the opinion of the court.

This suit was brought by appellee to recover damages for being deprived of a farm crossing over appellant's railroad and right of way. A trial by jury resulted in a verdict and judgment in favor of the appellee for $1,200.

It appears from the evidence that appellee owns a farm of some 400 acres in Cass county, through the extreme south part of which appellant's railroad runs. In the year 1898, appellant began extensive improvements upon its roadbed. In prosecuting the work, it became necessary to change the grade in many places. At a place where appellee had used a farm crossing for several years, it became necessary to construct a deep cut. In deciding that, the old crossing was impaired, so that when the work was completed the approaches were very steep and almost impassable with heavy loads.

Appellant's engineer in charge of the work had an in-

terview with appellee, in which he explained to him the impracticability of constructing the crossing as a grade crossing, and offered to put in an overhead crossing, or a grade crossing at some other point. Appellee was unwilling to have an overhead crossing or a grade crossing at another point.

Upon the trial appellee, over the objection of appellant, introduced evidence to show what it would cost to construct a suitable crossing at the place in question, and sought to recover such cost as damages. With the sanction of the court, the case was tried upon that theory, and among other instructions, the following was given for the plaintiff:

"5. You are further instructed that for a failure to construct and maintain a necessary and reasonably convenient farm crossing from the plaintiff's land across the tracks to the public highway the defendant is liable to the plaintiff for the amount of money which it will cost to construct such crossing, and also for all damages the plaintiff has already sustained by reason of his being deprived of such crossing."

It was error to admit such evidence and error to give such instruction. The statute imposes upon railroad companies the duty of constructing and maintaining suitable crossings wherever necessary for the use of proprietors of lands adjoining their railroads. It provides that in the event of the failure or refusal of a railroad company to construct and maintain such crossing, the adjoining land owner, entitled to such crossing, may serve notice on the company to construct the same, and that if the company still refuses, he may construct it himself and recover from the company double the value thereof. Sections 65 and 66, Chapter 114, Hurd's Revised Statutes. Where a right is given by statute and the relief for its violation specified, the remedy must be enforced in the mode pointed out by the statute. C. M. & N. R. R. Co. v. Eichman, 47 Ill. App. 156; O. & M. Ry. Co. v. McGehee, 47 Ill. App. 348. We are of the opinion that where a crossing has been put in, a subsequent removal without providing another crossing reasonably convenient would entitle a land owner to recover for

the  damages already°sustained by him, but the future cost of constructing a crossing could not be considered as a proper element of damages in such a suit.  Cost of construction can be considered as basis for estimating damages only in a suit brought under the statute after failure of the railroad company to construct upon notice, and after the crossing has been constructed by the land owner.

For the errors indicated the judgment will be reversed and the cause remanded.