(No. 10981.—Judgment affirmed.)

THE M. H. VESTAL COMPANY, Appellant, vs. JOHN H.
ROBERTSON, Appellee.

*Opinion filed February 21, 1917—Rehearing denied April 6, 1917.*

1. CORPORATIONS—*when officer of a corporation is personally liable under section 18 of Incorporation act.* The president of a corporation who buys printing materials on an open account in the name of the corporation before the certificate of complete organization of the corporation is filed in the recorder's office is personally liable therefor under section 18 of the general Incorporation act.

2. SAME—*section 18 of the general Incorporation act is penal in its character.* Section 18 of the general Incorporation act, making officers of corporations personally liable for debts contracted in the corporate name before all provisions for incorporation have been complied with, is a penal statute and a right of action thereunder may be barred by the two year Statute of Limitations, although a creditor may still have his action against the stockholders, as partners, within the five year period. (*Woolverton* v. *Taylor*, 132 Ill. 197, distinguished.)

3. SAME—*section 4 of Incorporation act is an affirmative statute which is prohibitory.* An affirmative statute introductive of a new law which directs a thing to be done in a certain manner means that such thing shall not be done otherwise, and section 4 of the general Incorporation act, providing that the certificate of complete organization shall be filed for record before the incorporators shall commence business, is equivalent to an express prohibition against the authority to do so unless that certificate shall be first filed for record.

4. SAME—*section 18 of the general Incorporation act is not a remedial statute.* Section 18 of the general Incorporation act was not intended to give creditors a remedy for the recovery of their claims which the common law does not give them, since they have a right of action against the corporators as partners, which remedy has been in no way changed or taken away by the enactment of section 18.

5. SAME—*purpose of section 18 of general Incorporation act.* Section 18 of the general Incorporation act was intended to create a liability against the officers and agents of a corporation, jointly and severally, for the general protection of the public against the danger of such officers permitting corporate business to be commenced or liabilities incurred before the complete organization of the corporation.

6. STATUTES—*what is a penal statute.* A penal statute is one which imposes a forfeiture or a penalty for transgressing its provisions or for doing a thing prohibited.

7. SAME—*what is a remedial statute.* A remedial statute is one which not only remedies defects in the common law but defects in civil jurisprudence generally, embracing statutory law as well as the common law.

APPEAL from the Appellate Court for the First District;—heard in that court on writ of error to the Municipal Court of Chicago; the Hon. SHERIDAN E. FRY, Judge, presiding.

BARNHARDT & STAFFORD, (EDWARD H. S. MARTIN, of counsel,) for appellant.

ASHCRAFT & ASHCRAFT, (E. M. ASHCRAFT, and CHAS. F. RATHBUN, of counsel,) for appellee.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court for the First District reversing a judgment of the municipal court of Chicago in favor of the appellant for $72.52. A certificate of importance was granted, reciting, among other grounds, that the question upon which the opinion was based is involved in and decisive of many other suits now pending in the municipal court similar in character to this one.

This suit was brought under section 18 of the general Incorporation act to recover against the appellee, who was president and a director of the Chicago Real Estate Show Company, a pretended corporation, for a balance due on printing and materials sold and delivered to said show company and ordered by appellee, or under his direction and with his knowledge, as such officer and director. A certificate of complete organization of said corporation was issued by the Secretary of State January 31, 1911. The principal office of said company was in Cook county, but the

certificate of complete organization was never filed for rec-ord in the recorder's office of said county, as provided by section 4 of the general Incorporation act. The printing and materials for which this suit is brought were sold on an open account covering a period from February 15 to May 6, 1911. The suit was commenced December 10, 1914.

The main question involved in the Appellate Court and in this appeal is whether or not the suit is an action to recover a statutory penalty and barred by section 14 of the Limitation act because not brought within two years from the time the cause of action accrued. Appellee contends that this is a suit to recover a statutory penalty, while appellant insists that the suit is on an implied contract or statutory liability, and that the five year Statute of Limitations or section 15 of the Limitation act is applicable in this case.

Section 18 of the general Incorporation act provides: "If any person or persons being, or pretending to be, an officer or agent, or board of directors, of any stock corporation, or pretended stock corporation, shall assume to exercise corporate powers, or use the name of any such corporation, or pretended corporation, without complying with the provisions of this act, before all stock named in the articles of incorporation shall be subscribed in good faith, then they shall be jointly and severally liable for all debts and liabilities made by them, and contracted in the name of such corporation, or pretended corporation." (Hurd's Stat. 1916, p. 640.)

There can be no question of the liability of appellee under said section of the statute, if, as contended by appellant, the printing and materials sued for were furnished by it to the Chicago Real Estate Show Company upon the order or direction of appellee, as an officer or agent of said show company, before the filing of the certificate of complete organization of the company. Section 4 of the Incorporation act provides that as part of the proceedings for the

incorporation of a company the commissioners shall make a full report of their proceedings, including therein a copy of the subscription list; a statement of the amount of the capital, not less than one-half actually paid in; the amount of such capital not paid in; what disposition has been made of stock subscribed and not paid, and if any proportion of the capital has been paid in property the same shall be appraised by the said commissioners and they shall report the fair cash value thereof; the names of the directors or managers elected and their respective terms of office;—which report shall be sworn to by at least a majority of the commissioners and filed in the office of the Secretary of State; that the Secretary of State shall thereupon issue a certificate of complete organization of the corporation, making a part thereof a copy of all the papers filed in his office about the organization of the corporation and duly authenticated under his hand and seal of State, and shall be recorded in a book for that purpose in the office of the recorder of deeds of the county where the principal office of said company is located, and that upon the recording of said copy the corporation shall be deemed fully organized and may proceed to business. This court expressly decided in *Loverin* v. *McLaughlin,* 161 Ill. 417, that liability under said section 18 is incurred if such officers or agents therein named contract for work or materials in the name of the corporation or pretended corporation before the filing of the certificate of incorporation or before all stock named in the articles of incorporation shall be subscribed in good faith. It was further held in that case that the object of the statute is to inflict a punishment for its violation, and that therefore it is penal in its character.

In the case of *Diversey* v. *Smith,* 103 Ill. 378, this court adopted the definition in Potter's Dwarris on Statutes, that a penal statute is one which imposes a forfeiture or a penalty for transgressing its provisions or for doing a thing prohibited, and then said: "It is the effect—not the form—

of the statute that is to be considered, and when its object
is clearly to inflict a punishment upon a party for violating
it,—*i. e.,* doing what is prohibited or failing to do what is
commanded to be done,—it is penal in its character, and the
circumstance that in punishing, remedy is likewise afforded
to those having an interest in the observance of the statute
is unimportant." This court accordingly held in that case,
and also in the case of *Gridley* v. *Barnes,* 103 Ill. 211, that
section 16 of the Insurance statute (one very similar in
character to the one now under consideration) is a penal
statute and that a right of action thereunder is barred by
section 14 of the Limitation act. Said section 16 provides
that the trustees and corporators "shall be severally liable
for all debts or responsibilities of such company, to the
amount by him or them subscribed, until the whole amount
of the capital of such company shall have been paid in,
and a certificate thereof recorded as hereinbefore provided."
(Hurd's Stat. 1916, p. 1484.) The doctrine was also an-
nounced and approved in the case of *Diversey* v. *Smith,*
*supra,* that an affirmative statute introductive of a new law
which directs a thing to be done in a certain manner means
that such thing shall not be done in any other manner, even
though there be no negative words prohibiting it. That
rule is equally applicable in this case, and said section 4,
which provides that the certificate of complete organization
shall be filed for record in the county where the principal
office of the corporation is located before the corporators
shall commence business, is equivalent to an express pro-
hibition against the authority to do so unless that certificate
shall be first filed for record.

A remedial statute is one which not only remedies de-
fects in the common law but defects in our civil jurispru-
dence generally, embracing not only the common law but
the statutory law. (2 Lewis' Sutherland on Stat. Const.
sec. 583.) We find nothing in said section 18 to bring it
within the class of remedial statutes. It cannot be said

that the legislature intended thereby to grant to creditors a remedy for the recovery of their claims which the common law does not give them. They had a right of action against the corporators as partners. (*Bigelow* v. *Gregory,* 73 Ill. 197.) That remedy has been in no way changed or taken away by the enactment of said section 18. (*Loverin* v. *McLaughlin, supra; Richardson Fueling Co.* v. *Seymour,* 235 Ill. 319.) The reading of said section indicates a legislative intent to create a liability against the officers and agents of a corporation, jointly and severally, for the general protection of the public. The words, "shall be jointly and severally liable for all debts and liabilities made by them," were not intended as the basis for establishing a contractual relation between the officers and the creditors, but were used for the purpose of holding each set of officers and directors responsible only for the wrongs and omissions occurring while they are in control and imposing a like responsibility and liability on their successors in office. The liability thus created is imposed upon the officers, directors and agents because they permit business to be commenced and liabilities to be incurred in violation of their duty. The suit may be commenced at once to enforce this liability upon their failure or neglect to act according to said section 4, without regard to the question of whether the corporation is solvent or insolvent and notwithstanding the fact that the creditors have a right of action against the stockholders as partners. The conclusion is irresistible that said section 18 is a penal statute and that the right of action thereunder may be barred by the two year Statute of Limitations. This holding should not have a tendency to work a hardship upon creditors. If they fail to bring their action within time they still have their remedy in an appropriate action against the stockholders as partners, in which case the five year Statute of Limitations applies.

It is argued that section 18 should be construed the same as section 16 of the same act, and it is pointed out that this

court in the case of *Woolverton* v. *Taylor*, 132 Ill. 197, held that said section 16 is not a penal statute. Said section 16 reads: "If the indebtedness of any stock corporation shall exceed the amount of its capital stock, the directors and officers of such corporation, assenting thereto, shall be personally and individually liable for such excess, to the creditors of such corporation." In deciding that case one of the main points upon which the decision turned was that there was no provision, express or implied, against officers and directors incurring for the corporation liabilities in excess of the capital stock, and no liability resulted unless the creditor suffered a loss by reason of the inability of the corporation to pay its obligation. It was also announced in that decision that said section in express words gave the remedy direct to the creditors and that the effect of the statute was to create a liability against the officers in the character of a suretyship. That decision is in no way contrary to the views herein expressed.

In his affidavit of defense in the municipal court appellee relied upon the bar of the two year Statute of Limitations. Appellant moved to strike from said affidavit that defense, and the court sustained the motion. In striking that defense from the record a ruling was made by the court that section 14 of the Limitation act did not apply to this action. As the suit to recover the statutory penalty in question was barred by the two year Statute of Limitations the Appellate Court properly reversed the judgment of the municipal court.

One of the errors assigned on the record by the appellant was that the cause should have been remanded to the lower court for further proceedings inasmuch as the Appellate Court reversed the judgment for an error of law, only. There has been a stipulation filed by the parties in this case since the assignment of said error that they desire a decision in this court on the merits, and further stipulating that

this court shall not consider the assignment of error by appellant that the Appellate Court erred in reversing the cause without remanding, therefore that assignment of error will not be considered.

For the reasons above given the judgment of the Appellate Court is affirmed.          *Judgment affirmed.*