# Ed. E. Rath, Defendant in Error, v. City of Chicago, Plaintiff in Error.

## Gen. No. 22,985.

1. PAYMENT, § 44*—*when may be recovered.* To entitle one to recover money paid under an illegal statute or ordinance, the payment must have been made under both duress and protest.

2. PAYMENT, § 44*—*when made under duress.* Where a person might have been arrested unless the payment exacted for a license by an unlawful ordinance is made, and, if not arrested but proceeded against by summons, might have been fined, imprisonment to follow nonpayment of fine, duress is present.

3. LIMITATION OF ACTIONS, § 11*—*what are not written contracts within statute.* Neither statutes nor ordinances are written contracts within the meaning of the Limitation Act (J. & A. ¶ 7211).

4. LIMITATION OF ACTIONS, § 24*—*when cause of action to recover money paid under invalid ordinance accrues.* The cause of action to recover money paid under an illegal licensing ordinance accrues at the time of the payment, and the statute of limitations begins to run from that time, even though the illegality may not have been known then.

5. INTEREST, § 24*—*what does not constitute vexatious withholding of money wrongfully collected.* Where the only demand made of a city for the return of money collected under an illegal ordinance is the commencement of an action to recover the money, it cannot be claimed that it was vexatiously withheld up to the commencement of the action.

6. TAXATION, § 340*—*when demand is unnecessary to recover back illegal taxes.* In the absence of statute, demand is not necessary before bringing suit to recover back illegal taxes.

7. INTEREST—*when city not liable for in excess of amount allowed on judgment.* Where the only demand made on a city for money paid to it under an illegal ordinance is by bringing suit to recover such money and a judgment is entered against the city soon thereafter drawing the legal rate of interest, the city is not further liable for interest.

8. INTEREST—*necessity of demand.* Interest is recoverable from the date of demand and not before.

Error to the Municipal Court of Chicago; the Hon. PETER C. WAL-TERS, Judge, presiding. Heard in this court at the March term, 1917. Affirmed. Opinion filed July 2, 1917. Rehearing denied July 16, 1917.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

SAMUEL A. ETTELSON, for plaintiff in error; DONALD P. VAIL, WILBUR F. HARTMAN and HARRY L. BRIN, of counsel.

SAMUEL G. HAMBLEN, for defendant in error.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

This is an action by plaintiff as assignee of Frank H. Smiley and the Mooney-Boland Detective Agency to recover from the City of Chicago money paid as detective license fees under an ordinance of defendant, which ordinance was held in *City of Chicago v. O'Brien,* 268 Ill. 229, to have been enacted without authority. There was a trial before the court under a stipulation of facts supplemented by oral evidence on the part of plaintiff and a finding and judgment for $300.

Frank H. Smiley made one payment of $100 without protest, claim for which was disallowed. The Mooney-Boland Detective Agency made four annual payments, the first being March 6, 1911, and the remainder in the three succeeding years. The suit was instituted April 5, 1916. The court held that the Five-Year Statute of Limitations was a bar to the 1911 payment. The trial judge declined to allow interest. Plaintiff assigns cross errors, contending that there should have been a judgment for the Smiley payment and that the 1911 payment by the Mooney-Boland Detective Agency should have been included in the judgment, on the theory that the Ten-Year and not the Five-Year section of the Statute of Limitations applied; also that plaintiff was entitled to interest. The City of Chicago contends that the payments were voluntary and therefore cannot be recovered.

It appears that at the time of the O'Brien suit fourteen other suits against fourteen different detectives were pending and the O'Brien suit was by agreement

made a test case, the decision in which was to control the others.

It likewise appears from the evidence that policemen visited the offices of both Smiley and the Mooney-Boland Detective Agency and threatened legal proceedings unless payment was made. The payments by the Mooney-Boland Detective Agency were made under protest.

It is axiomatic that to entitle a party to recover money paid under an illegal statute or ordinance, both duress and payment under protest must be present. The city insists that duress does not exist here, because all that the police officers threatened was a summons and not arrest. The ordinance in question made it unlawful for any person to act or to hold himself out as a special or private detective for hire, etc., without being licensed as required by the ordinance. The penalty for violating the ordinance was fixed at a fine of not less than $25 nor more than $200 for each offense. While the ordinance was invalid, as subsequently held in the *O'Brien* case, *supra,* a person doing business without complying with the ordinance and paying $100 each year for a license might be summarily dealt with by being arrested, notwithstanding an officer may have only threatened to summon such person; for as disclosed by the evidence of a police officer, whatever might be done would be at the direction of the captain of this particular police officer, who must give directions, and who up to that time had not laid out any plan of dealing with those maintaining detective offices without paying the license required by the ordinance.

It is not so much a question of what the city authorities might do as to what they had the power of doing. An officer might arrest one not complying with the ordinance, making a complaint after the arrest. Fear of the exercise of such power would constitute duress in law, because such fear would be well grounded, as the power to make an arrest existed. Furthermore, it is

well known even to those who are not versed in the law that failure to pay a fine imposed for a violation of a city ordinance is met with imprisonment in the house of correction. The fact that the city had proceeded by summons against fifteen persons who had failed to comply with the ordinance was no guarantee that the power of arrest might not be exercised in the cases of Smiley and the Mooney-Boland Detective Agency.

We think *Harvey v. Town of Olney*, 42 Ill. 336, is controlling of our decision, and while it is true, so far as we have been able to ascertain, that this case has not been cited by the Supreme Court, yet it has never been modified, distinguished against or reversed by that tribunal in any subsequent case, and it has concededly been cited and followed in several cases in this court. The Supreme Court in the *Harvey* case, *supra*, said that the Town of Olney could not "after extorting a large sum of money for a pretended license by threats of prosecution, be allowed to come into court and resist repayment by saying: 'Although we did this thing, we had no right to do it, and the ordinance that we pretended was a law was really no law, and these persons should have known better than to have paid us the money.' It is only necessary to say, that the town cannot be permitted to defend its wrong by this species of self-stultification. A person to whom a town offers the alternative of paying for a license, or undergoing a prosecution before the police magistrate, which would result in fine and imprisonment, if the ordinance under which the city acts should be held valid, may certainly pay his money under protest, without losing his rights, and cannot be required to incur the hazard of the magistrate's decision upon the validity of the ordinance, and possibly be driven to a writ of habeas corpus, to relieve himself from imprisonment. Such payment would not be voluntary." And the court further held that if the money was paid

under threats of prosecution, or under a belief, induced by the officers of the town, that only by payment could prosecution be escaped, and the money was paid under protest, then such payment could in no sense be called voluntary.

We have in the instant case one in which the persons involved might have been arrested unless the payment exacted for a license by an unlawful ordinance was made, and if not' arrested but proceeded against by summons, might have been fined, imprisonment to follow nonpayment of such fine. This was clearly duress.

The cases of *Illinois Glass Co. v. Chicago Tel. Co.,* 234 Ill. 536; *Conkling v. City of Springfield,* 132 Ill. 420, and *Rendleman v. Rendleman,* 156 Ill. 568, are not controlling, as the element of the power to imprison was not present in any of these cases.

Neither statutes nor ordinances are written contracts within the meaning of the Limitation Act (J. & A. ¶ 7211). Plaintiff is not suing upon the ordinance, but for the illegal exaction of money paid under it, and we think the rule is correctly stated in volume 2, Cooley on Taxation, page 1508, thus:

''The proper action against a municipality in these cases is assumpsit for money had and received, the liability not attaching until the money is paid over, and being then based upon the receipt of the money and not upon the illegalities which preceded it. As the cause of action accrues at the time of payment, the statute of limitations begins to run from that time even though the illegality may not then have been known.'' *W. A. Fraser Co. v. Chicago, B. & Q. R. Co.,* 189 Ill. App. 96; *Handtoffski v. Chicago Consol. Traction Co.,* 274 Ill. 282.

In *N. K. Fairbank Co. v. City of Chicago,* 153 Ill. App. 140, it was held that a city ordinance did not of itself render the contractual relation existing between the city and the citizen written in character, and that therefore the five-year period of limitation was applicable.

The only demand, we judge from the record, made upon the city to refund the license money paid under the invalid ordinance was the commencement of this action. It cannot therefore be said that the money was vexatiously withheld up to the time of the commencement of the suit. While the city should have paid upon demand without suit (and the commencement of the suit was in effect a demand) or after suit commenced without contest, still, a judgment for the amount due having been soon thereafter entered, and that judgment drawing interest at the statutory rate, satisfies the city's liability for interest. A demand is not necessary before bringing suit to recover back illegal taxes unless made so by statute, and there is no such statutory provision in Illinois. *Look v. Industry,* 51 Me. 375. Interest is recoverable from the date of demand and not before. *Boston & S. Glass Co. v. Boston,* 4 Metc. (Mass.) 181. As Smiley paid without protest, the payment was voluntary and cannot be recovered in an action against the city notwithstanding the presence of duress. The judgment of the Municipal Court is affirmed.

*Affirmed.*