(No. 1138—■)

ACME STEEL COMPANY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 9, 1927.*

ESSINGTON AND McKIBBIN, for claimant.

OSCAR E. CARLSTROM, Attorney General; DAVID J. KADYK, Assistant Attorney General, for respondent.

Mr. JUSTICE LEECH delivered the opinion of the court:

The declaration filed in this case by the Acme Steel Company, a corporation, on January 27th, 1927, alleges that claimant paid moneys to the State of Illinois under duress and protest as and for the franchise taxes for the years beginning July 1, 1920, and July 1, 1921, in excess of the amount legally due to the State of Illinois, under the provisions of the General Corporation Act; that in the year beginning July 1, 1920, and in the year beginning July 1, 1921, it had total authorized capital stock consisting of 20,000 shares of the par value of $100 each and 60,000 shares of common stock without nominal or par value, of which 40,000 shares were issued and paid for by exchange of former par value shares aggregating $500,000.00 or at the rate of $12.50 per share, 20,000 shares of such common stock being unissued in both of said years; that during the month of February of each of said years it duly executed and filed in the office of the Secretary of State the annual report required by law and in said report set forth facts from which the Secretary of State determined that all of its authorized capital stock was represented by property located and business transacted in Illinois, and also set forth that the total authorized capital stock of claimant corporation consisted of par value stock in the amount of $2,000,000.00 and 60,000 shares of no par value common stock; that in April, 1920, and in April, 1921, Louis L. Emmerson, Secretary of State of the State of Illinois, sent to claimant a written notice wherein the claimant was notified

to pay for and as its franchise taxes for each of said years the sum of $4,000.00, stating that same was computed upon the authorized capital stock and setting forth the penalties provided in the General Corporation Act, stating that said penalties would be imposed upon claimant unless said tax was paid on or before July 31st, next following; that said tax was reckoned upon the authorized capital stock of $8,000,000, consisting of $2,000,000 of par value shares and sixty thousand shares of no par value stock; that in arriving at said total of the authorized capital stock the Secretary of State considered each share of no par value to be of the value of $100.00 per share and assessed the total authorized capital stock of claimant corporation at $8,000,000.00, instead of $2,750,000.00, the actual value of its authorized capital stock, computed by multiplying $12.50 the issue price of such shares of no par value as had been issued by 60,000, the number of shares of no par value stock authorized; that the proper tax for each of said years should have been $1,375.00, instead of $4000.00; that it was induced to make said excessive payments aggregating $8000.00, of which $5250.00 was not legally due, by means of duress and through fear that the Secretary of State for the State of Illinois, would enforce the statute and impose the penalties provided in the statute applying to corporations which fail to pay their franchise taxes, and claimant asks to be reimbursed in the sum of $5250.00 on account of said taxes so paid to the State of Illinois.

To the declaration filed, the State of Illinois, by the Attorney General filed a general and special demurrer, which special demurrer alleges that the declaration shows that the claim against the State of Illinois, was filed with the Secretary of this court more than five years after the date of the payment of the amounts upon which refunds are now claimed. The demurrer is sustained as a matter of law.

Claimant contends that the cause of action did not accrue until it was apprised of the illegality of the payment, or at least it did not accrue until the date when the Supreme Court of this State rendered its decision in the case of *Roberts & Schaefer Company* v. *Emmerson,* 305 Ill. 348, namely December 13th, 1922, and that therefore its claim was filed within the five year period.

This question is passed upon in *Rath* v. *City of Chicago,* 207 Ill. App. 117, in which the court states at page 121:

"As the cause of action accrues at the time of payment, the statute of limitations begins to run from that time even though the illegality may not then have been known."

Reasoning from the premise that all persons are presumed to know the law, the statute must begin to run at the date of payment, and not at the time when the payer is corrected in his misapprehension of the law.

Under the statutes of this State, claimant had a right to pay the assessment under protest and then file a suit to restrain the Secretary of State from turning the money over to the State Treasurer and to recover the monies so paid under protest from the Secretary, and this practice has been followed in a number of cases.

We therefore feel that claimant has forfeited its rights because of its failure to pursue its proper remedies in the courts of law and equity in this state and that its claim is long since barred by limitation, hence the claim is disallowed.