People ex rel. Ida Powles, et al., Appellees, v. County of Alexander, Illinois, Appellant.

Opinion filed May 31, 1941.

M. J. O'SHEA and CHAS. L. RICE, both of Cairo, for appellant.

LESLIE A. CRANSTON and M. C. COOK, both of Du Quoin, for appellees.

MR. JUSTICE DADY delivered the opinion of the court.

This is an accounting suit instituted by twenty blind persons, and by the administrators of the estates of six deceased blind persons against the county of Alexander, to collect amounts claimed to be due the plaintiffs respectively, under the provisions of the statute entitled "An Act for the relief of the blind," ch. 23, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 18.071 *et seq.*].

By agreement the cause was referred to a master who found and reported to the court the amount of blind relief benefits that had become due and remained unpaid to the respective beneficiaries for periods of five and ten years respectively next preceding the filing of suit. The master's computations are not questioned. The trial court entered a decree for the plaintiffs, including the administrators, for all unpaid amounts that had accrued during the ten year period. Defendant appeals.

The pertinent statutory provisions for blind relief (ch. 23, Rev. Stat.) during the times in question were, in substance, as follows: It was thereby made obligatory upon the county to contribute and pay as a benefit a certain amount per annum for the support of any blind person who might come within the provisions of the act; such blind person could go to the county clerk and make affidavit to the facts which brought such applicant within the provisions of the statute, which affidavit was deemed an application for such benefit; the county clerk ws required to refer such application to the physician appointed as an "examiner of the blind" by the county board; it was the duty of such examiner to examine all of such applicants and to certify on the application whether such applicant was blind or not and to enter the facts so certified in a register; the county clerk was required to register the name and date of examination of each applicant so determined by the examiner to be entitled to such benefits, and it was made the duty of the county board to

provide in its annual appropriation for the payment of such benefits to the persons so entitled and to cause warrants to be drawn on the county treasurer, payable to such persons, each quarter each year thereafter during the life of such persons. .

The plaintiff blind persons and the deceased blind persons for whose estates recovery is sought duly complied with the various sections of the statute entitling them to the benefits thereof.

Defendant first contends that the right of action for benefits in favor of a blind person against the county is created by statute and that such an action is subject to the provisions of section 15 of the Limitations Act (ch. 83, Ill. Rev. Stat. [Jones Ill. Stats. Ann. 107.275]) which section, so far as is material, provides: "Actions on unwritten contracts, expressed or implied, . . . and all civil actions not otherwise provided for, shall be commenced within five years next after the cause of action accrued." Plaintiff contends that the right of action given by such blind relief statute is an action on a "written evidence of indebtedness" within the meaning of section 16 of said Limitations Act, which section, so far as is pertinent, provides that "actions on . . . written contracts, or other evidences of indebtedness in writing, shall be commenced within ten years next after the cause of action accrued."

The obligation of the county to pay and the right of the plaintiffs to receive the benefits sought to be recovered in the present action arise by virtue of the statute. It has been held that where liability results from a statute, an action to enforce such liability is a "civil action not otherwise provided for" within the meaning of section 15 of the Limitations Act, and is therefore governed by the five year statute of limitations. (*Parmelee v. Price*, 208 Ill. 544; *Blakeslee's Warehouses, Inc. v. City of Chicago*, 369 Ill. 480.) These decisions are decisive of the question and the trial court should have applied the five year statute

of limitations and limited the plaintiffs' recovery to unpaid benefits which had become due within five years next preceding the filing of suit.

Defendant next contends that inasmuch as the present action is based on a statute which makes no provision for its survival, and is not specifically named in the actions which survive as provided by section 123 of the Administration Act (ch. 3, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 110.125]), the right of action does not survive.

Although the statute providing for relief to the blind does not provide for the survival of the right to benefits, and although such action is not specifically listed in section 123 of the Administration Act as one of the causes of action which survive in addition to actions which survive by the common law, we believe the nature of the action is such that it falls within the class of actions which survive by the common law.

Generally, at common law all actions based on contracts survive. (1 C. J. S. p. 184, par. 137) It has been held that a cause of action survives when founded upon an implied or quasi contract, as well as when founded upon an express agreement. (*Treasurer and Receiver General v. Sheehan,* 288 Mass. 468, 193 N. E. 46; *Patton v. Brady,* 184 U. S. 608; see also 1 Corpus Juris, Secs. 326 and 327, pages 181, 182.) In *Highway Commissioners v. City of Bloomington,* 253 Ill. 164, the court said: "By the common law the word 'contract' included all rights which could be enforced by any of the actions *ex contractu.* By the common law classification every contract was either express or implied." The court also said that included in the class of "implied contracts" were "contracts implied in law" or "quasi contracts," which were recognized and enforced by common law courts by means of a general assumpsit.

In determining whether a cause of action survives to the personal representative, the real nature or sub-

stance of the right or claim for which the suit is brought must control. (*Patton v. Brady, supra.*) When the benefit instalments became due in the instant case, the character of the claim of each deceased person against the defendant changed from a mere expectancy to a present vested property right to receive the amount fixed by statute. (*Proffitt v. County of Christian,* 370 Ill. 530.) The obligation of the county to pay such accrued amounts took the form of a debt founded on a contract implied in law or quasi contract. In legal contemplation it may be assumed that the defendant performed its duty and provided in the manner prescribed by statute for the payment of such due and unpaid benefits, and that the moneys so provided were in the hands of the defendant for use and benefit of the beneficiaries. The then liability of defendant was simply for money had and received. (See *Highway Commissioners v. City of Bloomington, supra; City of Chicago v. Singer,* 116 Ill. App. 559; *St. Hedwig's School v. Cook County,* 289 Ill. 432.)

It is our opinion that, under the authorities cited and the principles stated, the right of the deceased blind persons to accrued benefits due them survived their respective deaths and can be recovered in this action by their personal representatives.

The judgment of the circuit court is reversed and the cause is remanded to that court with directions to proceed in conformity with the views herein expressed.

*Reversed and remanded with directions.*