## Libby Lyons et al., Appellants, v. County of Morgan, State of Illinois, Appellee.

### Gen. No. 9,309.

Opinion filed February 24, 1942.

THOMSON & THOMSON, of Jacksonville, for appellants.

OSCAR C. ZACHARY, of Jacksonville, for appellee.

MR. PRESIDING JUSTICE HAYES delivered the opinion of the court.

This is a suit brought by Libby Lyons, and 16 other plaintiffs against Morgan County seeking to recover unpaid amounts under the "Relief for the Blind" Act. These claims accrued during the period from July 1, 1933 to March 1, 1936; during which time Morgan County paid no blind pensions to any one. Also included in the suit as plaintiffs are the administrators of the estates of three deceased pensioners. While the suit was pending, two other pensioners died and their legal representatives were substituted. The defendant, in its answer, pleaded the five-year statute of limitations to that portion of the claims accruing more than five years prior to the bringing of the suit.

A stipulation was entered into covering all the material facts of the case, and the cause was tried on the facts included within the stipulation without any additional proof.

A decree was entered holding that portion of the claims that accrued within five years of the filing of the suit to be valid,—excepting those of the administrators of intestates who had died prior to the bringing of this suit, and entered judgment thereon.

We have a statute entitled, "An Act for the Relief of the Blind," which provides for the county to pay annually a fixed sum for the benefit of the blind. Chapter 23, sec. 279, Ill. Rev. Stat. 1941 [Jones Ill. Stats. Ann. 18.071].

Appellants state, in their brief, that the only question involved in this case is whether upon this set of facts, appellants' action is upon a written contract "or other evidences of indebtedness in writing" within the meaning of section 16 of the statute of limitations. Appellants contend that the ten-year statute of limitations applies, and not the five-year statute.

This question was recently before this court in the case of *People ex rel. Powles v. County of Alexander, Illinois,* 310 Ill. App. 602, which was decided adversely to appellants' contention. This court therein stated: "The obligation of the county to pay and the right of the plaintiffs to receive the benefits sought to be recovered in the present action arise by virtue of the statute. It has been held that where liability results from a statute, an action to enforce such liability is a 'civil action not otherwise provided for' within the meaning of section 15 of the Limitations Act, and is therefore governed by the five year statute of limitations. (*Parmelee v. Price,* 208 Ill. 544; *Blakeslee's Warehouses, Inc. v. City of Chicago,* 369 Ill. 480.) These decisions are decisive of the question and the trial court should have applied the five year statute of limitations and limited the plaintiffs' recovery to unpaid benefits which had become due within five years next preceding the filing of suit."

Causes of actions arising on statutes or ordinances are not written contracts within the meaning of the Limitation Act. *Rath v. City of Chicago,* 207 Ill. App. 117; *N. K. Fairbank Co. v. City of Chicago,* 153 Ill. App. 140; *Parmelee v. Price,* 208 Ill. 544; *Blakeslee's Storage Warehouses, Inc. v. City of Chicago,* 369 Ill. 480.

It is our opinion that the five-year statute of limitations controls, and that the decree of the circuit court is correct.

The decree of the circuit court of Morgan county is affirmed.

*Decree affirmed.*