Superior Laundry & Linen Supply Co., Appellee, v. Edmanson-Bock Caterers, Inc., Appellant.

### Gen. No. 46,882.

First District, First Division.

June 21, 1956.

Rehearing denied September 11, 1956.

Released for publication September 12, 1956.

Fisher, Hassen & Fisher, of Chicago, for appellant.

Immenhausen, Banovitz & Balin, of Chicago, for plaintiff-appellee; Meyer C. Balin, of Chicago, of counsel.

JUDGE NIEMEYER delivered the opinion of the court.

Edmanson-Bock Caterers, Inc., hereinafter called defendant, purchaser of the assets of Edmanson-Bock Catering Co., Inc., hereinafter called the vendor, appeals from a judgment for $1,170 and costs entered in

an action under the Bulk Sales Act (Ill. Rev. Stats. 1955, chap. 121½, pars. 78–80a) for linens and services furnished vendor prior to the sale.

The case was tried on an oral stipulation, and the sole issue is the statute of limitations. The indebtedness of vendor to plaintiff was incurred prior to September 30, 1950. In October 1950 defendant purchased the assets of vendor without giving plaintiff the notice required by section 1 of the Bulk Sales Act [Ill. Rev. Stats. 1955, ch. 121½, § 78]. Plaintiff knew of the sale and immediately thereafter began business dealings with defendant, which lasted for several years. On March 4, 1953 plaintiff filed this suit against defendant and vendor.

■ ■ Defendant's position is that the action against it is for a statutory penalty and must be brought within two years. (Ill. Rev. Stats. 1955, chap. 83, par. 15.) Plaintiff contends that the suit may be brought within five years. (Ill. Rev. Stats. 1955, chap. 83, par. 16.) The liability of defendant arises solely from its violation of section 1 of the Bulk Sales Act in failing to give the statutory notice of the purchase of the assets of the vendor. The judgment against it is punishment imposed for that violation. In Diversey v. Smith, 103 Ill. 378, the court said (p. 390):

"In Potter's Dwarris on Statutes, 74, it is said: 'A penal statute is one which imposes a forfeiture or penalty for transgressing its provisions or for doing a thing prohibited.' It is the effect, not the form, of the statute that is to be considered, and when its object is clearly to inflict a punishment on a party for violating it—i. e., doing what is prohibited, or failing to do what is commanded to be done,—it is penal in its character, and the circumstance that in punishing, remedy is likewise afforded to those having an interest in the observance of the statute, is unimportant."

To the same effect is the statement of the court in Woolverton v. Taylor, 132 Ill. 197, 206, that:

"A penal statute is defined to be 'one which imposes a forfeiture or penalty for transgressing its provisions, or for doing a thing prohibited.' (Potter's Dwarris on Statutes, p. 74.) A penalty 'is in the nature of punishment for the non-performance of an act or for the performance of an unlawful act. It involves the idea of punishment, whether enforced by a civil or criminal procedure.' "

The Bulk Sales Act is a penal statute. Coon v. Doss, 361 Ill. 515. The action against defendant, arising out of violation of the statute, must be brought within two years, notwithstanding an action against vendor for the linens and services rendered it may be brought on the contract within five or ten years, depending upon whether the contract is oral or written.

The judgment is reversed.

Reversed.

FRIEND, P. J. and BURKE, J., concur.