MARY GIVENS, Plaintiff-Appellee, v. VIRGINIA GIVENS, Defendant-Appellant.

First District (4th Division)   No. 1—88—1572

Opinion filed December 7, 1989.

Edmund N. Sajewski, of Chicago, for appellant.

John T. Kelly, of John T. Kelly & Associates, of Orland Park, for appellee.

JUSTICE JOHNSON delivered the opinion of the court:
Defendant, Virginia Givens, appeals from an order of the circuit court of Cook County which confirmed a settlement contract entered between plaintiff, Mary Givens, and defendant, Virginia Givens. Judgment was entered against defendant in the amount of $5,950. The following issues are presented for review: (1) whether the trial court had subject matter jurisdiction; (2) whether plaintiff states a cause of action against defendant; (3) whether plaintiff states a claim upon which relief may be granted against defendant; (4) whether the trial court erred in not granting defendant's motion to dismiss; (5) whether defendant was denied her constitutional right to be present at trial; and (6) whether the judgment against defendant was against the manifest weight of the evidence.

On August 30, 1976, Robert Givens, adoptive father of plaintiff and spouse of defendant, was killed in an accident which arose in and out of the course of his employment. On December 23, 1977, the Industrial Commission of Illinois (hereinafter Commission), approved a settlement between the decedent's employer and designated beneficiaries of the decedent. The designated beneficiaries were defendant, plaintiff, David and Gerald Givens (minor children of decedent), and Adonis and Rex Givens (adult children of decedent).

Pursuant to the contract, a total lump sum of $65,000 was set aside as a complete and final settlement in release of all claims and liability under the Workers' Compensation Act (Ill. Rev. Stat. 1985, ch. 48, par. 138.1 et seq. (hereinafter the Act), for the alleged accidental death of decedent. A schedule was attached to the contract which allocated a portion of the $65,000 to each of the designated beneficiaries. Although the beneficiaries were to be given proportional shares

of the award, the amounts allotted to the minor children, including plaintiff, were to remain with defendant until such minor children reached 18 years of age. Decedent's adult children received their allotted share of the award when it was first distributed.

According to the schedule attached to the settlement contract, plaintiff, who was approximately 17½ years of age at the time the agreement was entered, was to receive $7,145.66. Plaintiff resided with defendant, her adoptive mother, from the time of her adoptive father's death on August 30, 1976, until her eighteenth birthday on June 9, 1978.

Plaintiff moved from defendant's home on her eighteenth birthday. At that time, defendant wrote plaintiff a letter in which she stated that she could not give plaintiff the money she had set aside because defendant felt that it would "destroy all the good in [plaintiff] now and reduce [her] chances of knowing a Godly future."

Plaintiff filed a complaint against defendant on August 6, 1986, alleging that defendant had not given plaintiff her portion of the award. In her complaint, plaintiff requested $7,145.66, plus accrued interest. After a bench trial, plaintiff was awarded $5,945.56, out of the $7,145.66, plus costs. Defendant was given credit for six months of support to plaintiff. It is from this order that defendant appeals.

■ Defendant first contends that the trial court did not have subject matter jurisdiction. Defendant argues that the complaint should have been filed with the Commission, which has exclusive jurisdiction to modify this award. As support for this contention, defendant cites to section 7(e) of the Act, which provides in pertinent part, that "[an] order or award may be modified from time to time by the Commission in its discretion with respect to the person to whom shall be paid the amount of the order or award remaining unpaid at time of the modification." Ill. Rev. Stat. 1985, ch. 48, par. 138.7(e).

Plaintiff in the instant case, however, does not seek to amend or modify the settlement contract that was approved by the Commission. Plaintiff seeks to enforce the settlement. We, therefore, find that this section of the Act, insofar as it pertains to modification, is inapplicable as plaintiff does not seek to modify the existing contract.

Defendant also cites to *Ahlers v. Sears, Roebuck Co.* (1978), 73 Ill. 2d 259, as support for her proposition that the circuit court had no subject matter jurisdiction to hear this matter. We find *Ahlers* inapposite to defendant's proposition. In *Ahlers*, the Illinois Supreme Court held that the approval of a settlement agreement by the Commission constitutes a decision and is the equivalent of an award by the Commission. (*Ahlers*, 73 Ill. 2d at 265.) However, the court went on to

hold that an action on the approved settlement agreement may be properly commenced in the circuit court. (*Ahlers*, 73 Ill. 2d at 265.) Although *Ahlers* concerned claims made by the plaintiff under section 19(g) of the Act (Ill. Rev. Stat. 1975, ch. 48, par. 138.19(g)), we find those same principles applicable to plaintiff's claims in the instant case. Here, plaintiff is not seeking modification of the award; she is seeking enforcement of the award. The circuit court would not be an inappropriate forum for such proceedings.

■ Next, defendant maintains that plaintiff failed to state a cause of action against defendant since there was no order issued by the Commission, nor is there any case law, which mandates that the partner receiving an award must give a portion of such award to a minor dependent upon reaching the age of majority. Defendant rationalizes that the payment schedule is not an order but was merely a basis upon which to calculate the award. We disagree.

Section 7(e) of the Act states as follows:

> "The compensation to be paid for accidental injury which results in death, as provided in this Section, shall be paid to the persons who form the basis for determining the amount of compensation to be paid by the employer, the respective shares to be in the proportion of their respective dependency at the time of the accident on the earnings of the deceased. The Commission or an Arbitrator thereof may, in its or his discretion, order or award the payment to the parent or grandparent of a child for the latter's support the amount of compensation, which but for such order or award would have been paid to such child as its share of the compensation payable ***." Ill. Rev. Stat. 1985, ch. 48, par. 138.7(e).

Although the amount paid to the dependents forms a basis for the total award and the Commission may in its discretion and under certain circumstances decline to make a *pro rata* distribution of the proceeds (see *Mid-American Lines, Inc. v. Industrial Comm'n* (1980), 82 Ill. 2d 47), we find nothing in the record that would be indicative of the Commission's exercising its discretion in not approving the apportioned award. The award with the attached schedule apportioning the proceeds to the various dependents was approved by the Commission in its entirety.

Further, defendant attempts to make an artificial distinction between an award and an order issued by the Commission. The approval of a settlement contract constitutes a decision of the Commission and is, therefore, tantamount to an award. (*Ahlers v. Sears, Roebuck Co.* (1978), 73 Ill. 2d 259, 265.) The approval of the settlement contract

including the attached schedule is in legal effect a decision or order issued by the Commission. We find that plaintiff has adequately stated a cause of action against defendant.

■ Defendant also maintains that plaintiff failed to state a claim upon which relief may be granted against defendant since defendant did not act as a trustee or fiduciary for plaintiff with respect to the award. Defendant argues that she had no duty to disburse plaintiff's portion of the money when she reached majority. We disagree.

By defendant's own admission, she stated in a letter to plaintiff on her eighteenth birthday that she could not give plaintiff her allotted portion of the award as she had with the other children because defendant found plaintiff irresponsible. Defendant was entrusted with a portion of the award until plaintiff reached majority. Further, the settlement contract does not, by its own terms, provide defendant with the discretion to withhold a dependent allotted monies after such dependent reaches the age of majority. A specified amount of money was allotted to plaintiff. The award was based on dependency and was not given solely to provide for defendant's care.

We find that, under the circumstances, defendant did have a duty to give plaintiff her proportionate share of the award when plaintiff reached the age of majority. Accordingly, we hold that plaintiff did state a claim upon which relief could be granted.

■ Defendant also contends that the trial court erred in refusing to grant her motion to dismiss, based on the defense that the statute of limitations barred plaintiff's complaint that was filed eight years after she had reached the age of majority. Specifically, defendant cites to section 13—205 of the Code of Civil Procedure, which provides that "actions *** on awards of arbitration *** shall be commenced within 5 years next after the cause of action accrued." Ill. Rev. Stat. 1985, ch. 110, par. 13—205.

We find this section inapplicable since plaintiff is not seeking a review of an award; instead, she is seeking enforcement of the settlement contract. Section 13—206 of the Code of Civil Procedure would govern the limitation period in this action. The section provides that "actions on *** written contracts, or other evidences of indebtedness in writing, shall be commenced within 10 years next after the cause of action accrued." (Ill. Rev. Stat. 1985, ch. 110, par. 13—206.) Plaintiff, therefore, was within the 10-year limitation period.

■ Defendant next argues that the trial court improperly denied her motion to hold the trial in her home. Defendant did not feel that she would be able to attend trial as she is an invalid. The trial court denied the motion but made allowances for her condition by schedul-

ing an evidence deposition to be taken at her home. Defendant, however, refused to be deposed, in violation of the court-ordered deposition. She states that she informed some undisclosed court personnel that she could not attend trial because of her physical condition and asked if she could come to court on a stretcher. She was told that it would not be permissible. Defendant now, for the first time, raises this issue on appeal.

Although defendant conceivably waived this issue for appeal, since it was not raised at the trial court level, we do not find that she was denied the right to a fair trial. The right to be present at trial may be waived by defendant by voluntarily or involuntarily absenting herself from trial. (*People v. Allen* (1967), 37 Ill. 2d 167, 171.) There is no evidence in the record that defendant was barred from trial. Defendant's argument that she was barred from trial since she could not come to court on a stretcher is unsubstantiated. This was not an edict from the court. We, therefore, find that the court did not err in denying defendant's motion to hold the trial at her home.

■ Finally, defendant contends that the trial court's decision was against the manifest weight of the evidence. In nonjury cases, witness credibility is to be determined by the trial court. (*Shanahan v. Schindler* (1978), 63 Ill. App. 3d 82, 92.) A reviewing court will not substitute its judgment as to credibility unless against the manifest weight of the evidence. (*Brown v. Zimmerman* (1959), 18 Ill. 2d 94, 102.) A review of the record in the instant case reveals that the judgment was duly supported by the evidence and is free of error.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

JIGANTI, P.J., and LINN, J., concur.