EDWARD BLACKE, Appellant, v. THE INDUSTRIAL COMMISSION *et al.*
(Limestone Township Fire Protection District, Appellee.)

Third District    No. 3—93—0733WC

Opinion filed November 28, 1994.—Rehearing denied January 18, 1995.

RARICK, J., joined by WOODWARD, J., dissenting.

Michael R. Schneider and Roseanne Loftus, both of Cohn, Lambert, Ryan & Schneider, Ltd., of Chicago, for appellant.

David D. Zeglis, of Zeglis & Zeglis, of Kankakee, for appellee.

PRESIDING JUSTICE McCULLOUGH delivered the opinion of the court:

On March 4, 1993, claimant, Edward Blacke, filed an application for judgment in the circuit court of Kankakee County against his employer, Limestone Township Fire Protection District (employer), for payment of benefits and penalties awarded under the Workers' Compensation Act (Act) (820 ILCS 305/1 *et seq.* (West 1992)). The circuit court denied claimant's application on the basis that it was time-barred by the five-year limitations provisions of section 13—205 of the Code of Civil Procedure (Code) (735 ILCS 5/13—205 (West 1992)). Claimant appeals, alleging the court erred in applying any limitations period to actions for collection of unpaid workers' compensation benefits and, alternatively, if any limitations period does apply, it is the 10-year period of section 13—206 of the Code (735 ILCS 5/13—206 (West 1992)). We affirm.

The present controversy stems from employment-related injuries sustained by the claimant in June 1978. Following a hearing in June 1982, the arbitrator awarded claimant approximately 37 weeks of benefits based on a finding of both temporary total and permanent partial disability. In January 1984 the Industrial Commission (Commission) affirmed the award and no further appeal was taken. The employer never made any payments on the award. In October 1992, pursuant to a petition filed by the claimant, the Commission awarded him additional compensation, based on penalties assessed against the employer for nonpayment of the award pursuant to sections 19(k) and (l) of the Act (820 ILCS 305/19(k), (l) (West 1992)).

In March 1993, claimant filed an application for judgment in the circuit court pursuant to section 19(g) of the Act (820 ILCS 305/19(g) (West 1992)), seeking payment of both benefits and penalties awarded. The court denied the application as untimely pursuant to section 13—205 of the Code as to both the original award and subsequent penalties assessed.

■ Faced with an employer's failure or refusal to pay a final award determined by an arbitrator or affirmed by a decision of the Commission from which no further appeal is taken, section 19(g) of the Act provides a statutory remedy for a claimant to reduce the award to an enforceable judgment in the circuit court. The award itself is not a judgment. A judgment is "the final consideration and determination of a court upon matters submitted to it in an action or proceeding *** [and] is the judicial act of the court." (*Blakeslee's Storage Warehouses, Inc. v. City of Chicago* (1938), 369 Ill. 480, 482-83, 17 N.E.2d 1, 3.) The statutory prerequisites for obtaining the judgment require only that the claimant give notice to the employer of the time and place for entry of judgment and present the circuit court with a certified copy of the award or decision of the Commission. (820 ILCS 305/19(g) (West 1992).) Section 19(g) contains no time period within which a claimant must file for judgment.

Claimant argues that the primary purpose supporting statutes of limitation (the prevention of false or stale claims when evidence to refute allegations brought long after an occurrence might be lost or unavailable) is not served when applied to section 19(g) proceedings, because the claim has already been tried and determined on its merits. Claimant cites *Elles v. Industrial Comm'n* (1940), 375 Ill. 107, 30 N.E.2d 615, in support of his view that provisions of the Code and rules of the supreme court are inapplicable to Commission proceedings, including those brought under section 19 of the Act (820 ILCS 305/19 (West 1992)). Contrary to claimant's assertion, however, the *Elles* court did not hold that provisions of the Code are in all instances inapplicable to cases arising under the Act, but only "in so far as or to the extent that the procedure is regulated by section 19 of the Workmen's Compensation act." (*Elles*, 375 Ill. at 113, 30 N.E.2d at 618.) Other cases have adopted sections of the Code deemed pertinent in areas where the Act has been silent. Courts have allowed the statutory interest provided for under section 2—1303 of the Code (735 ILCS 5/2—1303 (West 1992)) to be imposed against judgments for unpaid compensation awards where the Act omitted reference to the accrual of interest on an unpaid arbitrator's award. See *Proctor Community Hospital v. Industrial Comm'n* (1971), 50 Ill. 2d 7, 9, 276 N.E.2d 342, 343; *Bray v. Industrial Comm'n* (1987), 161 Ill. App. 3d

87, 93, 513 N.E.2d 1045, 1049; *Ballard v. Industrial Comm'n* (1988), 172 Ill. App. 3d 41, 45, 526 N.E.2d 675, 678.

■ In the absence of a legislative intent to the contrary, courts have applied provisions of the Code when deemed necessary to facilitate the purposes of the Act; policy considerations of bringing the finality and certainty of reducing an award to an enforceable judgment facilitate those purposes. There is no indication the legislature intended to exempt causes of action brought under section 19(g) from a limitations period—in cases where it has intended to do so it has expressly stated. (See 735 ILCS 5/13—202.1 (West 1992).) We conclude that a limitations period is applicable to bringing a cause of action pursuant to section 19(g) of the Act. It remains to be determined, however, whether the five-year period provided in section 13—205 of the Code or the 10-year period of section 13—206 is appropriate.

Claimant alleges his action is one based on "written contracts, or other evidences of indebtedness in writing" within the meaning of section 13—206 of the Code and the 10-year limitation should apply. (735 ILCS 5/13—206 (West 1992).) The employer claims the five-year limitation of section 13—205, encompassing "all civil actions not otherwise provided for" (735 ILCS 5/13—205 (West 1992)), applies to the section 19(g) remedy for reducing the compensation award to judgment.

The precise issue of whether a statutory right of action is governed by the 5- or the 10-year limitations period of the Code has been addressed and well settled by numerous authorities. In *People ex rel. Powles v. County of Alexander* (1941), 310 Ill. App. 602, 604, 35 N.E.2d 92, 93, the plaintiffs instituted a suit to collect unpaid benefits due them under a statute for the relief of the blind, contending the action was based on "written evidence of indebtedness" within the meaning of the 10-year limitations statute. The court rejected that argument and stated:

> "The obligation of the county to pay and the right of the plaintiffs to receive the benefits sought to be recovered in the present action arise by virtue of the statute. It has been held that where liability results from a statute, an action to enforce such liability is a 'civil action not otherwise provided for' *** and is therefore governed by the five[-]year statute of limitations. (*Parmelee v. Price* [(1904)], 208 Ill. 544 [a statutory action to recover unpaid stock subscriptions]; *Blakeslee's Warehouses, Inc. v. City of Chicago,* 369 Ill. 480[, 17 N.E.2d 1].)" (*Powles,* 310 Ill. App. at 604, 35 N.E.2d at 94.)

(See also *Lyons v. County of Morgan* (1942), 313 Ill. App. 296, 298, 40

N.E.2d 103, 104; *Keller v. Boatman's Bank* (1989), 186 Ill. App. 3d 448, 452, 542 N.E.2d 1261, 1264.) The *Lyons* court similarly noted:
"Causes of actions arising on statutes or ordinances are not written contracts within the meaning of the Limitation Act. *Rath v. City of Chicago* [(1917)], 207 Ill. App. 117; *N.K. Fairbank Co. v. City of Chicago* [(1910)], 153 Ill. App. 140; *Parmelee v. Price* [(1904)], 208 Ill. 544; *Blakeslee's Storage Warehouses, Inc. v. City of Chicago* [(1938)], 369 Ill. 480[, 17 N.E.2d 1]." *Lyons*, 313 Ill. App. at 298, 40 N.E.2d at 104.

■ In this case claimant's cause of action accrued, at the latest, 20 days following the Commission's affirmance of the arbitrator's award on January 25, 1984 (see 820 ILCS 305/19(f)(1) (West 1992)), and a lack of payment by the employer of any of the 37 weeks of benefits awarded. On these facts, claimant's cause of action was tolled under section 13—205 of the Code no later than February 14, 1989. Since he did not file his application for judgment until March 4, 1993, his cause of action pursuant to section 19(g) of the Act is barred and his application properly denied.

Claimant alleges that the trial court's rationale for denying the application for judgment—that the Commission's affirmation of the arbitrator's award was entered "well over five years before the current action was filed"—does not support denial of the penalties awarded by the Commission on October 8, 1992, less than six months prior to the filing of his application for judgment. We disagree.

Sections 19(k) and (l) of the Act impose penalties on an employer for unreasonable or vexatious delay in the payment of compensation benefits due. Since each " 'imposes a forfeiture or penalty for transgressing [the statute's] provisions, or for doing a thing prohibited,' " it is a penal statute. (*Woolverton v. Taylor* (1890), 132 Ill. 197, 206, 23 N.E. 1007, 1008, quoting Potter's Dwarris on Statutes 74.) We note that actions seeking statutory penalties must be brought within two years after the cause of action accrued, pursuant to section 13—202 of the Code (735 ILCS 5/13—202 (West 1992)). (See *M.H. Vestal Co. v. Robertson* (1917), 277 Ill. 425, 430, 115 N.E. 629, 631; *Superior Laundry & Linen Supply Co. v. Edmanson-Bock Caterers, Inc.* (1956), 11 Ill. App. 2d 132, 134, 136 N.E.2d 610, 612.) In this case, since no payments at all were made on the award, claimant's action for penalties provided under sections 19(k) and (l) of the Act accrued at the latest 20 days after the Commission affirmed the arbitrator's award on January 25, 1984. However, we need not determine whether the two-year limitations provision of section 13—202 of the Code applies to petitions for penalties under the Act in this instance.

Because of our determination that the statute of limitations,

section 13—205 of the Code, applies to bar the application for judgment of the original award of benefits to claimant under section 19(g) of the Act, the petition requesting penalties for nonpayment of that award is also untimely. The Commission's award of penalties more than eight years after the benefits award had been affirmed, in the absence of any application for judgment on that award made within the parameters of section 13—205, was error.

We need not decide in what circumstances, if any, claimant's cause of action might accrue at an earlier or later date for purposes of the running of section 13—205 of the Code. On the facts of this case, claimant's cause of action accrued at the time of the Commission's affirmation of the arbitrator's award and the employer's failure to make any payments of benefits awarded.

Accordingly, the decision of the circuit court is affirmed.

Affirmed.

RAKOWSKI and SLATER, JJ., concur.

JUSTICE RARICK, dissenting:

Contrary to the reasoning of the majority, I believe the 10-year limitation of section 13—206 should apply to a section 19(g) action. I therefore dissent.

Section 13—206 provides a 10-year limitations period for actions based on bonds, promissory notes, bills of exchange, written leases, written contracts or other evidences of indebtedness in writing. A written document qualifies as "other evidence of indebtedness" when one need not resort to parol evidence to establish the vital elements of the agreement and when the document is of the same nature as those written instruments specified. (See *Toth v. Mansell* (1990), 207 Ill. App. 3d 665, 669-70, 566 N.E.2d 730, 733.) It is true a decision of the Commission cannot be said to be of the same nature as a bond or contract. But, the decision of the Commission here clearly evidences indebtedness on the part of employer and certainly does not need parol evidence to establish its elements. More importantly, however, had claimant's benefits been "awarded" by virtue of a settlement agreement as opposed to a judgment, the 10-year limitation of section 13—206 would apply. (See *Givens v. Givens* (1989), 192 Ill. App. 3d 97, 101, 548 N.E.2d 571, 574.) The length of time an employee has to collect benefits from an employer should not depend upon whether he settled the matter or went through arbitration. Therefore, because I believe the 10-year statute of limitations more closely comports with the intendments of section 19(g) and better satisfies the public

policy of ensuring compensation be paid to injured employees, I cannot agree with the majority's decision in this instance.

WOODWARD, J., joins in this dissent.