SIXTH DIVISION
May 21, 2010

No. 1-09-2293

| | | |
|---|---|---|
| PEREGRINE FINANCIAL GROUP, INC., | ) | Appeal from |
| | ) | the Circuit Court |
| Plaintiff-Appellant, | ) | of Cook County |
| | ) | |
| v. | ) | No. 08 CH 43826 |
| | ) | |
| FUTRONIX TRADING, LTD., and MICHAEL FOREST | ) | |
| PAYNE, | ) | Honorable |
| | ) | Nancy J. Arnold, |
| Defendants-Appellees. | ) | Judge Presiding. |

PRESIDING JUSTICE CAHILL delivered the opinion of the court:

Plaintiff, Peregrine Financial Group, Inc., appeals a trial court order dismissing as time-barred a complaint to confirm an arbitration award against defendants Futronix Trading, Ltd., and Michael Forest Payne. At issue is plaintiff's argument that there is no statute of limitation in Illinois applicable to actions to confirm an arbitration award. We believe the five-year statute of limitation under section 13-205 of the Code of Civil Procedure (Code) (735 ILCS 5/13-205 (West 2008)) applies. We affirm.

Defendants contracted with plaintiff to act as their agent for the purchase and sale of commodity futures. Defendants breached the contract by failing to maintain sufficient funds in their account to cover losses. Defendants' account became delinquent in the amount of $115,512.64, and plaintiff filed an arbitration action against defendants with the National Futures

Association. The case went to arbitration and, on August 20, 2003, an award was entered for $115,512.64 plus interest and costs. Defendants relocated without paying the award.

Plaintiff filed a complaint in the circuit court to confirm the award on November 20, 2008, more than five years after it was entered. Defendants moved to dismiss plaintiff's complaint on several grounds, including the five-year statute of limitation in section 13-205 of the Code. The trial court granted defendants' motion to dismiss. Plaintiff moved to reconsider, arguing there is no statute of limitation for actions to confirm an arbitration award. The trial court denied plaintiff's motion to reconsider. Plaintiff appeals both trial court orders.

We review *de novo* orders dismissing a cause of action as time-barred under section 2-619(a)(5) of the Code (735 ILCS 5/2-619(a)(5) (West 2008)). See Ferguson v. City of Chicago, 213 Ill. 2d 94, 99, 820 N.E.2d 455 (2004). We review orders granting or denying a motion for reconsideration for an abuse of discretion. See Robidoux v. Oliphant, 201 Ill. 2d 324, 347, 775 N.E.2d 987 (2002).

With certain exceptions not applicable here, section 13-205 of the Code places a five-year statute of limitation on "actions on *** awards of arbitration *** and all civil actions not otherwise provided for" by law. 735 ILCS 5/13-205 (West 2008). Plaintiff argues several theories in support of its position that section 13-205 does not apply to bar its complaint.

The first theory urged by plaintiff is that there is no statute of limitation applicable to actions to confirm an arbitration award. Plaintiff cites United Steelworkers of America v. Danly Machine Corp., 658 F. Supp. 736 (N.D. Ill. 1987). The court there held: "Illinois law does not impose a limitations period on suits to confirm arbitration awards." United Steelworkers, 658 F.

Supp. at 737. The court cited no authority for this holding except to say that the state statute authorizing judicial confirmation of arbitration awards does limit the time in which to bring such action. United Steelworkers, 658 F. Supp. at 737-38; see also 710 ILCS 5/11 (West 2008). The court did not address section 13-205 of the Code and we find the court's opinion unpersuasive on this ground. See Sundance Homes, Inc. v. County of DuPage, 195 Ill. 2d 257, 276, 746 N.E.2d 254 (2001) (Illinois courts are not bound by federal decisions on issues of state law).

Plaintiff next argues that if a statute of limitation applies to actions to confirm arbitration awards, the 10-year statute of limitation for actions on written contracts should apply. See 735 ILCS 5/13-206 (West 2008). Plaintiff cites Blacke v. Industrial Comm'n, 268 Ill. App. 3d 26, 644 N.E.2d 23 (1994), in support. At issue in Blacke was whether the "catch-all" provision of section 13-205, which applies to "all civil actions not otherwise provided for" by law, applies to collection actions brought under section 19(g) of the Workers' Compensation Act (820 ILCS 305/19(g) (West 1992)). Blacke, 268 Ill. App. 3d at 28. The court held that in the absence of legislative intent to the contrary, the catch-all provision of section 13-205 applies to all statutory rights of action. Blacke, 268 Ill. App. 3d at 29-31. The court rejected the argument that the 10-year statute of limitation applicable to contract actions would apply, saying: " 'Causes of actions arising on statutes or ordinances are not written contracts within the meaning of [section 13-205 of the Code].' " Blacke, 268 Ill. App. 3d at 30, quoting Lyons v. County of Morgan, 313 Ill. App. 296, 298, 40 N.E.2d 103 (1942).

Plaintiff maintains the inverse is true here, arguing "because liability arises not from a statute but from a contract, the [10]-year statute of limitations of [s]ection 13-206 should apply."

But plaintiff's complaint was not for breach of contract. That issue was decided through arbitration. Plaintiff's complaint sought confirmation of the arbitration award. See Armstrong v. Guigler, 174 Ill. 2d 281, 290, 673 N.E.2d 290 (1996) ("the fact that the origin of a cause of action may ultimately be traced to a writing has never been sufficient, standing alone, to automatically warrant application of the period of limitations governing written contracts").

Plaintiff next argues that applying the five-year statute of limitation to actions to confirm arbitration awards would run counter to the public policy of enforcing arbitration awards. Although we agree with plaintiff that there is a strong public policy in Illinois to enforce arbitration awards (see American Federation of State, County & Municipal Employees v. Department of Central Management Services, 173 Ill. 2d 299, 304, 671 N.E.2d 668 (1996)), we also recognize that statutes of limitation are measures of public policy. People v. Isaacs, 37 Ill. 2d 205, 229, 226 N.E.2d 38 (1967). " 'Any statute of limitations will eventually operate to bar a remedy and the time within which a claim should be asserted is a matter of public policy, the determination of which lies almost exclusively in the legislative domain, and the decision of the General Assembly in that regard will not be interfered with by the courts in the absence of palpable error in the exercise of the legislative judgment.' " Anderson v. Wagner, 79 Ill. 2d 295, 311, 402 N.E.2d 560 (1979), quoting Owen v. Wilson, 260 Ark. 21, 24-25, 537 S.W.2d 543, 545 (1976). The legislature enacted section 13-205 to apply to "actions on *** awards of arbitration." 735 ILCS 5/13-205 (West 2008). Plaintiff has not argued that the legislature's judgment in this regard was error.

Nor has plaintiff suggested an alternate interpretation of "actions on *** awards of

arbitration."  735 ILCS 5/13-205 (West 2008).  If, as plaintiff maintains, this language does not apply to actions to confirm arbitration awards, under what circumstances would it apply?  We are aware of none and, because we are not to interpret statutes as meaningless (see Cassens Transport Co. v. Illinois Industrial Comm'n, 218 Ill. 2d 519, 524, 844 N.E.2d 414 (2006)), we believe section 13-205 applies to limit the time to five years in which to bring an action to confirm an arbitration award.

Plaintiff argues in the alternative that the statute of limitation was tolled when defendants relocated without leaving a forwarding address.  Plaintiff cites Clay v. Kuhl, 189 Ill. 2d 603, 614, 727 N.E.2d 217 (2000), which held:

"Equitable tolling of a statute of limitations may be appropriate if the defendant has actively misled the plaintiff, or if the plaintiff has been prevented from asserting his or her rights in some extraordinary way, or if the plaintiff has mistakenly asserted his or her rights in the wrong forum."

Plaintiff here was not prevented by defendants' relocation from filing its claim earlier.  Plaintiff had only to serve defendants by publication to preserve its cause of action.  See 735 ILCS 5/2-206 (West 2008) (service by publication statute).

Finally, plaintiff argues that principles of fundamental fairness dictate that we allow the cause of action despite the statute of limitation.  We must reject plaintiff's argument.  Plaintiff had five years in which to bring its cause of action and failed to do so.  The only reason for delay offered by plaintiff was defendants' relocation.  As already explained, the fact plaintiff could not locate defendants did not prevent service by publication under section 2-206 of the Code (735

ILCS 5/2-206 (West 2008)).

The judgment of the circuit court dismissing plaintiff's cause of action as time-barred under section 13-205 of the Code is affirmed. So, too, is the judgment of the circuit court denying plaintiff's motion to reconsider.

Affirmed.

J. GORDON and R. GORDON, JJ., concur.